JOHN WOOD *vs.* GEORGE P. COBB & another.

In an action to recover damages for a personal injury received in consequence of the neglect of the defendants' servant, in driving against the plaintiff, it appeared that the defendants, who were dealers in fish, employed a truckman, for a certain sum each Friday, to deliver fish to their customers; and he in delivering the same selected his own route and consulted his own convenience. The truckman, being sick, told his servant to get help, if necessary; and accordingly the latter procured the defendants' servant, with their assent, to drive one team and deliver the fish; and he, while doing so, drove against the plaintiff, and thereby caused the injury complained of. *Held*, that on these facts the action could not be maintained.

TORT to recover damages for a personal injury received in consequence of the neglect of the defendants' servant, in driving against the plaintiff.

At the trial in the superior court, before *Morton*, J., there was evidence tending to show that while the plaintiff was walking in a highway in Worcester a wagon was driven against him by a boy named Wheeler; that Wheeler was employed by the defendants, Cobb & Atwood, who were dealers in fish, and the wagon had just left their place of business loaded with their fish.

Thomas R. Foster, a truckman, testified that the defendants employed him to deliver all their parcels of fish every Friday to their customers, for the sum of one dollar; that he received the parcels in baskets, labelled where to go; that he took whatever

route he chose, and suited his own accommodation ; that at the time of the accident he had been sick several weeks and confined to his house ; that he thought he told Pierce, his boy, to get some help, if necessary ; and that on the day of the accident he told Pierce to take the team up and tell the defendants they could have it if they wanted it.

Pierce testified that Foster had two teams ; that on the day of the accident " Foster told me to ask Mr. Cobb if his boy could drive for me. I saw Wheeler, and asked him if he could drive for me. He said he did not know, must ask Mr. Atwood. Went in and asked Mr. Atwood if he could drive for me that morning. He said he might. He took the light team. At other times while Foster was sick, I had help elsewhere." Pierce and Atwood testified to substantially the same facts.

The judge instructed the jury that, if they believed the evidence of these witnesses as to what took place at the defendants' shop, the plaintiff could not recover ; and the jury returned a verdict for the defendants. The plaintiff alleged exceptions.

*P. E. Aldrich & W. A. Williams*, for the plaintiff.

*G. F. Hoar & A. Dadmun*, for the defendants.

BIGELOW, C. J. There was no error in the instructions. The testimony of the witnesses introduced by the defendants would warrant no other inference than that the person who was in charge of the horse and wagon at the time the injury was done to the plaintiff was not in the employment or service of the defendants, but was acting as the servant of a third person, who exercised an independent employment in no way subject to the command or control of the defendants as to the mode in which it should be carried on. It is too well settled to admit of debate that under such circumstances no liability for the acts done attached to the defendants. *Brackett* v. *Lubke*, 4 Allen, 138. *Forsyth* v. *Hooper*, 11 Allen, 419, 421.

*Exceptions overruled.*